IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02661-MSK-MJW

LAURA ARCHER,
ERIN CAPLIN,
KERBY D. CARLISLE,
AUBREY BROOKE HOWARD,
ANITA HUEY,
TIFFINY KIEFER,
PATRICK TROY MADRIL,
RACHEL MANZANARES,
ALICIA MILNER,
KHALILAH MINTON,
MICHELLE RICKMAN
AUDREY RUIZ,
MICHAEL SHEHATA,
DIANA SMITH,
BONNIE UHRICH,
MELISSA WALKER,
NICHOLE WALTERS,
KATHLEEN WHITT, individuals,

    Plaintiffs,

v.

LANDAMERICA FINANCIAL GROUP, INC., a Virginia corporation,
COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation,
TRANSNATION TITLE INSURANCE COMPANY, an Arizona corporation,

    Defendants.

## ORDER DENYING MOTION TO CONSOLIDATE

THIS MATTER comes before the Court on the Plaintiffs' motion **(#42)** seeking to

consolidate this case with Civil Action No. 06-cv-00829-EWN-MEH and Civil Action No. 06-cv-

01277-ZLW-MEH.[1]  Having considered the motion, the response **(#49)**, and the reply **(#54)**, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Issue Presented

The Plaintiffs ask the Court to consolidate this case with Civil Action No. 06-cv-00829-EWN-MEH and Civil Action No. 06-cv-01277-ZLW-MEH, for all purposes including trial.  The issue presented is whether consolidation is appropriate.

### III. Background

**A.  Civil Action No. 05-cv-02661-MSK-MJW ("the 2661 case")**

The operative complaint in this action is the Second Amended Complaint **(#26)**.  The Plaintiffs, who worked in Colorado, seek to recover overtime wages pursuant to the Fair Labor Standards Act ("FLSA") from their former employers.  Below is a summary of each Plaintiff's employment history:

| Name | Dates of Employment | Employer | Job Title |
|---|---|---|---|
| Laura Archer | 5/8/03 through 1/2/04 | LandAmerica, Commonwealth Title | Escrow Officer/Closer |
| Erin Caplan | 6/02 through 6/04 | LandAmerica | Secretary, Escrow Specialist/Processor, Escrow Officer/Closer |

---

[1] Also pending is the Plaintiffs' motion **(#44)** for an expedited determination of the motion for consolidation.  That motion is moot, and therefore, denied.

2

| Kerby Carlisle | 6/01 through 6/04 | LandAmerica, Transnation Title | Escrow Officer/Closer |
|---|---|---|---|
| Aubrey Brooke Howard | 2002 through 3/04 | LandAmerica, Commonwealth Title | Escrow Officer/Closer |
| Anita Huey | 8/13/02 through 12/3/06, and 4/26/04 through 10/6/05 | LandAmerica, Commonwealth Title | Customer Service Representative, Marketing Assistant |
| Tiffiny Kiefer | 9/11/01 through 6/04 | LandAmerica, Transnation Title | Escrow Officer/Closer |
| Patrick Troy Madril | 11/02 through 7/31/03 | LandAmerica, Commonwealth Title | Processor |
| Rachel Manzanares | 1999 through 5/15/04 | LandAmerica, Transnation Title | Escrow Officer/Closer |
| Alicia Milner | 10/04 through 7/25/05 | LandAmerica, Commonwealth Title | Escrow Officer/Closer |
| Khalilah Minton | 7/03 through 7/25/05 | LandAmerica, Commonwealth Title | Receptionist, Processor, Closer |
| Michelle Rickman | 8/03 through 1/04, and 4/04 through 8/04 | LandAmerica, Commonwealth Title | Escrow Specialist/Processor |
| Audrey Ruiz | 8/01 through 2/17/04 | LandAmerica, Transnation Title | Escrow Officer/Closer |
| Michael Shehata | 10/02 through 4/03 | LandAmerica, Commonwealth Title | Escrow Specialist/Processor |
| Diana Smith | 12/02 through 2/04 | LandAmerica, Commonwealth Title | Escrow Specialist/Processor |
| Bonnie Uhrich | 5/00 to 2004 | LandAmerica, Commonwealth Title | Escrow Officer/Closer |
| Melissa Walker | 10/01 through 7/04 | LandAmerica | Escrow Officer/Closer, Branch Manager |
| Nichole Waters | 10/7/02 through 5/23/03 | LandAmerica, Commonwealth Title | Closer |

| Kathleen Whitt | 1/3/03 through 5/31/03 | LandAmerica, Commonwealth Title | Processor, Closer |

The Plaintiffs allege that they were employed in non-exempt positions and that they worked during lunch hours, evenings, and weekends without receiving overtime compensation. They allege that the Defendants did not maintain time cards or records. They assert a single claim for relief under the FLSA to recover unpaid overtime compensation and liquidated damages.[2]

The Plaintiffs allege that LandAmerica is the parent company of both Commonwealth Title and Transnation Title, and that they were paid directly by LandAmerica. They also allege that LandAmerica was responsible for providing employment handbooks and job descriptions for the employees of its subsidiaries, as well as for providing group term life insurance.

## B. Civil Action No. 06-cv-00829-EWN-MEH ("the 829 case")

The 829 case was commenced as a collective action under the FLSA. The plaintiffs, who worked either in Colorado or Oregon, seek to recover overtime compensation from their former or present employer for alleged past or ongoing violations. Below is a summary of each plaintiff's employment history:

| Name | Dates of Employment | Employer | Job Title |
| --- | --- | --- | --- |
| Nusipepa Shafer | 3/01 to the present | LandAmerica | Escrow Officer/Closer |
| Shirley Robles | 10/00 to 1/06 | LandAmerica, Commonwealth Title | Escrow Officer/Closer |

---

[2] Originally brought as a purported collective action, the class allegations were abandoned in the Second Amended Complaint.

4

| Mary Jane Standish | 2003 to 12/31/05 | Transnation Title, Lawyers Title | Escrow Officer/Closer |
|---|---|---|---|
| Sarah Kollmann Rumsey | 9/02 to 1/06 | Transnation Title, Lawyers Title | Escrow Specialist/Processor |
| Kristina Gaines | 4/03 to 1/06 | Lawyers Title | Escrow Officer/Closer |
| Carolyn Bettles | 2/99 to 12/31/05 | Commonwealth Title | Escrow Specialist/Processor |
| Suzann Johnson | 1/90 to 12/31/05 | Commonwealth Title | Escrow Officer/Closer |
| Barbara Steven | 1998 to 4/28/06 | LandAmerica, Commonwealth Title | Escrow Officer/Closer |
| Dorothy Dorey | 10/00 to the present | LandAmerica, Commonwealth Title | Escrow Specialist/Processor |

Similar to the Plaintiffs in the 2661 case, the plaintiffs in the 829 case allege that they worked during lunch hours, evenings, and weekends without receiving overtime compensation. They, too, assert a single claim under the FLSA to recover unpaid overtime compensation and liquidated damages. However, unlike in the 2661 case, the plaintiffs in the 829 case allege that the defendants instructed them to falsify time records to reflect that they worked a maximum of 8 hours per day.

There is a pending motion for conditional certification of a collective action in the 829 case. The defendants requested that the motion be "stayed" pending a determination on consolidation. On July 31, 2006, Judge Nottingham granted the motion, in part, and stayed the 829 case for 45 days.

**C. Civil Action No. 06-cv-01277-ZLW-MEH ("the 1277 case")**

The plaintiffs in the 1277 case seek to recover overtime compensation from their former employer. At all pertinent times, they worked in Colorado. Below is a summary of each plaintiff's employment history:

| Name | Dates of Employment | Employer | Job Title |
|---|---|---|---|
| Tonya Lieske | 4/02 through 11/04 | LandAmerica, Lawyers Title | Sales Representative, Closer |
| Reidar Keating | 10/1/02 through 2/06 | LandAmerica, Lawyers Title | Processor, Account Representative |

These plaintiffs allege that they routinely worked more than 40 hours per week without overtime pay, and that the defendants required them to falsify time records to indicate that they worked no overtime. They assert a single claim under the FLSA to recover unpaid overtime compensation and liquidated damages.

### IV. Analysis

Consolidation of cases can be appropriate pursuant to Fed. R. Civ. P. 42(a), which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Based upon the pleadings filed in each of the three cases at issue, the Court cannot determine that they involve common questions of law or fact. Certainly, the plaintiffs in all three cases seek to recover unpaid overtime compensation under the FLSA. However, the plaintiffs in the 829 case seek to proceed as a collective action, rather than individually. In addition, the plaintiffs in the three cases worked in a wide range of jobs in varying time periods, which may require individualized determination as to whether they were exempt or non-exempt employees for purposes of the FLSA.

The complaints lack sufficient detail for this Court to determine that there are common

questions of fact. None of the complaints specify the particular offices in which each plaintiff worked. Indeed, in the 829 case, the plaintiffs worked in more than one state. Even if the Court assumes that all plaintiffs worked, either directly or indirectly, for LandAmerica, this does not necessarily mean that their work situations were the same. The Court cannot assume that the job duties of a closer in one office are identical to those of a closer in another office in the same or another state.

The Court is cognizant that the FLSA authorizes collective actions of the type sought in the 829 case. By this Order, the Court does not suggest that a collective action is either appropriate or inappropriate. Rather, the Court simply opines that in light of the pleadings, no demonstration has been made to support consolidation at this juncture. Indeed, should a collective action be certified for notice, discovery, or even all purposes, it is conceivable that the Plaintiffs in the 2661 may have another mechanism for redress which renders the instant lawsuit moot.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion **(#42)** seeking to consolidate this case with Civil Action No. 06-cv-00829-EWN-MEH and Civil Action No. 06-cv-01277-ZLW-MEH is **DENIED**. The motion for an expedited ruling **(#44)** on the motion to consolidate is **DENIED**, as moot.

Dated this 25th day of August, 2006

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge